UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK BAKER and MIKKA BAKER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:22-cv-384 |
| ) | |
| KROGER LIMITED PARTNERSHIP I d/b/a ) | |
| PAY LESS SUPERMARKET and ) | |
| W.E. KELLUM, INC. ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiffs, Patrick and Mikka Baker, and for their cause of action against the Defendants, KROGER LIMITED PARTNERSHIP I d/b/a PAY LESS SUPERMARKET ("Kroger") and W.E. KELLUM, INC. ("Kellum"), hereby state as follows:

**PARTIES & JURISDICTION**

1. At all times herein and relevant, Plaintiffs, Patrick and Mikka Baker, lived together as husband and wife. They are citizens of Indiana and reside in Anderson, Madison County, Indiana.

2. Kroger is a Foreign Limited Partnership comprised of two partners: KRGP LLC and The Kroger Co.

3. KRGP LLC is a foreign limited liability company with a single member, "The Kroger Co," which is a foreign for-profit corporation incorporated in the State of Ohio with its principal place of business located at 1014 Vine St., Cincinnati, Hamilton County, Ohio 45202.

4. The Kroger Co is a foreign for-profit corporation incorporated in the State of Ohio with its principal place of business located at 1014 Vine Street Cincinnati, Hamilton County, Ohio 45202.

5. For purposes of diversity jurisdiction, Kroger is a citizen of the State of Ohio.

6. Kellum is a for-profit corporation believed to be incorporated in the State of Virginia with its principal place of business located at 96 Shipyard Lane, Weems, Virginia.

7. For purposes of diversity jurisdiction, Kellum is a citizen of the State of Virginia.

8. This Court has jurisdiction over the Bakers' federal claims pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

9. Kellum is a seafood company which packs and sells oysters throughout the United States, including to Kroger, with knowledge that its food products would be sold in Indiana.

10. Kellum's contacts by way of selling its food products to consumers within Indiana were continuous and systematic.

11. Kroger is a grocery store, which sells certain products to consumers, including Kellum oysters.

12. Venue is proper in the Southern District of Indiana as the Kellum oysters at issue were sold and consumed in this district.

## FACTS

13. Plaintiffs reincorporate and reallege paragraphs one (1) through twelve (12) as if set forth fully herein.

14. On or about July 5, 2021, Patrick Baker purchased a batch of raw Kellum brand oysters from the Kroger store located at 1845 Scatterfield Road in Anderson, Madison County, Indiana and consumed them shortly thereafter.

15. After consuming the oysters, Patrick began feeling ill and developed extreme pain in one or both of his legs.

16. Patrick's condition then deteriorated and he was admitted to the Community Hospital North where he was diagnosed with an infection of *vibrio vulnificus*, which caused necrotizing fasciitis.

17. After investigation, it was determined the source of the *vibrio vulnificus* was the Kellum oysters consumed by Patrick in the days prior.

18. Patrick underwent emergency surgery in both legs to remove the infection from his body and spent twenty-two days in the Intensive Care Unit receiving artificial ventilation due to the weakened state of his respiratory system.

19. Following Patrick's release from the Intensive Care Unit, Patrick underwent inpatient rehabilitation and is still under medical care.

20. At this time, Patrick continues to suffer the effects of the infection. Patrick is unable to work, struggles to walk without assistance, and finds it difficult to perform daily activities.

### COUNT I - STRICT LIABILITY OF DEFENDANT KROGER

21. Plaintiffs reincorporate and reallege paragraphs one (1) through twenty (20) as if set forth fully herein.

22. Defendant, Kroger, was the distributor, seller, or supplier of the oysters that caused the personal injury to Patrick Baker.

23. The oysters that Kroger sold, distributed, supplied, and/or placed into the stream of commerce were expected to and did reach the user/consumer without alterations or changes.

24. The oysters that Kroger sold, distributed, supplied, and/or placed into the stream of commerce were defective when they left the hands or control of Kroger, in that they were contaminated and unreasonably dangerous to an ordinary user or consumer, posing a serious risk of injury or illness.

25. Kroger sold the subject oysters in a defective condition unfit for consumption to its consumer, Plaintiff, Patrick Baker.

26. Plaintiff, Patrick Baker, was in the class of person that Defendant, Kroger, should have foreseen as being subject to harm caused by the unwholesome food it sold.

27. As a direct and proximate result of Patrick Baker's consumption of the defective oysters that Kroger sold, distributed, supplied, and/or placed into the stream of commerce, Patrick suffered severe and permanent injuries, incurred substantial medical expenses, incurred lost wages, suffered great physical pain, suffered severe mental anguish, and will continue to incur such damages in the future.

28. As a direct and proximate result of Patrick Baker's consumption of the defective oysters that Kroger sold, distributed, supplied, and/or placed into the stream of commerce, Plaintiff, Mikka Baker, has also suffered loss of consortium of her husband.

WHEREFORE, Plaintiffs, Patrick Baker and Mikka Baker, pray for judgment against the Defendant, Kroger Limited Partnership I d/b/a Pay Less Supermarket, in an amount that will fully and fairly compensate the Plaintiffs for their damages, costs of this action, for interest as allowed by law, and all other relief that is just and proper in the premises.

## **COUNT II - NEGLIGENCE OF DEFENDANT KROGER**

29. Plaintiffs reincorporate and reallege paragraphs one (1) through twenty-eight (28) as if set forth fully herein.

30. Defendant, Kroger, was negligent in one or more of the following ways:

   a. Failing to store the oysters in a reasonably safe environment for the purposes of being sold for human consumption;

   b. Failing to properly inspect the oysters and eliminate any unreasonable dangers that the oysters posed by human consumption of the product; and

   c. Failing to maintain its facilities in a safe, sanitary condition to store and handle oysters for the purposes of human consumption in a reasonably safe manner;

31. As a direct and proximate cause of the negligence of the Defendant, Kroger, Patrick Baker sustained suffered severe and permanent injuries, incurred substantial medical expenses, incurred lost wages, suffered great physical pain, suffered severe mental anguish and will continue to incur such damages in the future.

32. As a direct and proximate cause of the negligence of the Defendant, Kroger, Plaintiff, Mikka Baker, has also suffered loss of consortium of her husband.

WHEREFORE, Plaintiffs, Patrick Baker and Mikka Baker, pray for judgment against the Defendant, Kroger Limited Partnership I d/b/a Pay Less Supermarket, in an amount that will fully and fairly compensate the Plaintiffs for their damages, costs of this action, for interest as allowed by law, and all other relief that is just and proper in the premises.

## COUNT III - STRICT LIABILITY OF DEFENDANT KELLUM

33. Plaintiffs reincorporate and reallege paragraphs one (1) through thirty-two (32) as if set forth fully herein.

34. Defendant, Kellum, was the distributor, seller, or supplier of the oysters that caused the personal injury to Patrick Baker.

35. The oysters that Kellum sold, distributed, supplied, and/or placed into the stream of commerce were expected to and did reach the user/consumer without alterations or changes.

36. The oysters that Kellum sold, distributed, supplied, and/or placed into the stream of commerce were defective when they left the hands or control of Kellum, in that they were contaminated and unreasonably dangerous to an ordinary user or consumer, posing a serious risk of injury or illness.

37. Kellum sold the subject oysters in a defective condition unfit for consumption to its consumer, Plaintiff, Patrick Baker.

38. Plaintiff, Patrick Baker, was in the class of person that Defendant, Kellum, should have foreseen as being subject to harm caused by the unwholesome food it sold.

39. As a direct and proximate result of Patrick Baker's consumption of the defective oysters that Kellum sold, distributed, supplied, and/or placed into the stream of commerce, Patrick suffered severe and permanent injuries, incurred substantial medical expenses, incurred lost wages, suffered great physical pain, suffered severe mental anguish, and will continue to incur such damages in the future.

40. As a direct and proximate result of Patrick Baker's consumption of the defective oysters that Kellum sold, distributed, supplied, and/or placed into the stream of commerce, Plaintiff, Mikka Baker, has also suffered loss of consortium of her husband.

WHEREFORE, Plaintiffs, Patrick Baker and Mikka Baker, pray for judgment against the Defendant, W.E. KELLUM, INC., in an amount that will fully and fairly compensate the Plaintiffs for their damages, costs of this action, for interest as allowed by law, and all other relief that is just and proper in the premises.

## COUNT IV - NEGLIGENCE OF DEFENDANT KELLUM

41. Plaintiffs reincorporate and reallege paragraphs one (1) through forty (40) as if set forth fully herein.

42. Defendant, Kellum, was negligent in one or more of the following ways:

   a. Failing to properly harvest and/or prepare the oysters in a reasonable manner for safe human consumption;

   b. Failing to store the oysters in a reasonably safe environment for the purposes of being sold for human consumption;

   c. Failing to properly inspect the oysters and eliminate any unreasonable dangers that the oysters posed by human consumption of the product;

   d. Failing to maintain its facilities in a safe, sanitary condition to store and handle oysters for the purposes of human consumption in a reasonably safe manner; and

   e. Failing to monitor for dangerous bacteria such as *vibrio vulnificus*.

43. As a direct and proximate cause of the negligence of the Defendant, Kellum, Patrick Baker sustained suffered severe and permanent injuries, incurred substantial medical expenses, incurred lost wages, suffered great physical pain, suffered severe mental anguish and will continue to incur such damages in the future.

44. As a direct and proximate cause of the negligence of the Defendant, Kellum, Plaintiff, Mikka Baker, has also suffered loss of consortium of her husband.

WHEREFORE, Plaintiffs, Patrick Baker and Mikka Baker, pray for judgment against the Defendant, W.E. KELLUM, INC., in an amount that will fully and fairly compensate the Plaintiffs for their damages, costs of this action, for interest as allowed by law, and all other relief that is just and proper in the premises.

Respectfully submitted,

WILSON KEHOE WININGHAM LLC

/s/Christopher G. Stevenson
Christopher G. Stevenson
Attorney No. 24689-49
Emily K. VanTyle
Attorney No. 34240-64
WILSON KEHOE WININGHAM LLC
2859 North Meridian Street
Indianapolis, IN 46208
Tel (317) 920-6400
Fax (317) 920-6405
E-mail cstevenson@wkw.com
E-mail evantyle@wkw.com

Attorneys for Plaintiffs

## JURY DEMAND

Come now the Plaintiffs, Patrick Baker and Mikka Baker, by counsel, and hereby request that this matter be tried by a jury.

Respectfully submitted,

WILSON KEHOE WININGHAM LLC

/s/Christopher G. Stevenson
Christopher G. Stevenson
Attorney No. 24689-49
Emily K. VanTyle
Attorney No. 34240-64
WILSON KEHOE WININGHAM LLC
2859 North Meridian Street
Indianapolis, IN 46208
Tel (317) 920-6400
Fax (317) 920-6405
E-mail cstevenson@wkw.com
E-mail evantyle@wkw.com

Attorneys for Plaintiffs